FILED IN CHAMBERS
U.S.D.C ATLANTA

Date: Jul 10 2025

KEVIN P. WEIMER, Clerk

By: Kari Butler
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LYNETTE OLIVER,

    Plaintiff pro se,

  v.

NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER; CITIBANK N.A., ALLEGED TRUSTEE OF NEW RESIDENTIAL MORTGAGE LOAN TRUST 2020-2; WILMINGTON TRUST, NATIONAL ASSOCIATION, AS ALLEGED TRUSTEE; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS), AS NOMINEE OR ALLEGED INTEREST HOLDER; and ALL OTHER CLAIMANTS,

    Defendants.

CIVIL ACTION FILE NO.

1:25-CV-03286-SCJ-WEJ

## ORDER

This matter is before the Court on a Motion to Remand to State Court [4], filed by plaintiff pro se, Lynette Oliver. For the reasons explanted below, this Motion is **DENIED**.

Ms. Oliver filed this action in state court seeking to quiet title to property located at 1890 Lake Jodeco Road, Jonesboro, Georgia 30236. Her "Verified Petition for Quiet Title, Cancellation of Security Deed, and Declaratory Judgment" referenced federal statutes, including the Fair Credit Reporting Act, the Truth in Lending Act, the Real Estate Settlement Procedures Act, and the Fair Debt Collection Practices Act (see V. Pet. [1-1] ¶¶ 3.3, 5.8, & 6.7), and challenged defendants' authority to service her mortgage loan. Given these references to federal statutes, Nationstar Mortgage LLC d/b/a Mr. Cooper (Nationstar), Citibank, N.A., as Trustee (Citibank), and Mortgage Electronic Registration Systems, Inc. (MERS) (collectively, "Defendants"), jointly removed this action to this Court on June 11, 2025 on the basis of the existence of a federal question. (See Notice of Removal [1], at 3-4); see also 28 U.S.C. § 1331.

Defendants also removed this case under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between plaintiff and all properly served defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs. (See Notice of Removal [1], at 5-6.)

Specially, Ms. Oliver alleged that she is domiciled in Clayton County, Georgia, at the address listed in Complaint: 1890 Lake Jodeco Road, Jonesboro, Georgia. (Compl. ¶ 1.1.) Nationstar showed that it is a Delaware limited liability

company with its principal place of business in Texas (given the citizenship of its members); that Citibank is a national banking association with its main office in South Dakota; and that MERS is a Delaware corporation with its principal place of business in Virginia. Because plaintiff is a citizen of Georgia, and none of the properly served defendants are citizens of Georgia, complete diversity exists.

As for the amount in controversy, courts often look to the value of the property or the value of the loan to make that determination. See Milburn v. Aegis Wholesale Corp., No. 1:12-CV-01886-RWS, 2013 WL 1136983, at *5 (N.D. Ga. Mar. 18, 2013); see also Hosseinzadeh v. Green Point Mortg. Funding, Inc., 577 F. App'x 925, 927 (11th Cir. 2014) (per curiam) (explaining that, when a plaintiff seeks to quiet title the amount in controversy is the value of the property). Plaintiff's mortgage was for $331,500. The Clayton County Tax Assessor appraised plaintiff's property at $675,000 in 2025. (Notice of Removal [1] 7-8.) Thus, this Court has jurisdiction over this case because, in addition to there being complete diversity of citizenship between the properly served parties, the amount in controversy clearly exceeds $75,000. Cf. 28 U.S.C. 1446(c)(2)(B) ("[R]emoval of the action is proper on the basis of an amount in controversy . . . if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).").

On June 23, 2025, Ms. Oliver filed an "Amended Verified Petition to Quiet Title" [5], which eschews any federal claims.[1] (See Notice of Filing [5-1] 1 (asserting that her Amended Verified Petition "eliminates all references to federal statutes or federal causes of action and seeks solely equitable relief under Georgia law").) Plaintiff thus seeks remand because no federal claims remain. She also claims that the removal was procedurally improper because all served defendants did not join in it. (See Pl.'s Mot. [4] 2-3.) Defendants respond that plaintiff's attempt to eliminate federal question jurisdiction through a last-minute amendment cannot defeat this Court's jurisdiction, which was properly established at the time of removal. They also assert that removal was procedurally correct because all properly served defendants joined. (Defs.' Resp. [14] 2-3, 7-8.)

In Royal Canin U.S.A., Inc. v. Wullschleger, 604 U.S. 22 (2025), the Supreme Court held that "[w]hen a plaintiff amends her complaint following her suit's removal, a federal court's jurisdiction depends on what the new complaint

---

[1] Given that plaintiff had the right to amend her pleading "once as a matter of course" under Federal Rule of Civil Procedure 15(a)(1), the Clerk inadvertently placed a "gavel" beside that pleading's docket entry [5]. To clean up the docket, the Clerk is **DIRECTED** to grant this "Motion." The Amended Verified Petition [5] is now the operative pleading. See Malowney v. Fed. Collection Deposit Grp., 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) (amended complaint generally supersedes the original complaint).

4

says." Id. at 30. If defendants had removed only on the basis of a federal question, and the state law claims were dependent on this Court's supplemental jurisdiction, then the undersigned would be compelled to find that remand is proper. However, defendants also removed this case on the basis of complete diversity and satisfaction of the amount in controversy requirement. Thus, even though the Amended Petition no longer asserts claims arising under federal law, this Court retains jurisdiction over this case because it is between citizens of different states contesting property worth at least $75,000. See Oduok v. St. Leo Univ., No. 1:08-CV-1436-JEC, 2009 WL 10672146, at *2 (N.D. Ga. Feb. 9, 2009) (because defendants removed the case on the basis of both federal question and diversity jurisdiction, the existence of either one is sufficient to warrant removal).

Finally, plaintiff's argument that the case was not properly removed because all served defendants did not join is without merit. The unanimity rule stated in 28 U.S.C. § 1446(b)(2)(A) is satisfied here because all properly served defendants consented to removal, and any unserved defendants were not required to consent under the statute. See Johnson v. Wellborn, 418 F. App'x 809, 815 (11th Cir. 2011) (per curiam) ("The requirement that there be unanimity of consent in removal cases with multiple defendants does not require consent of defendants who have not been

properly served.").² Plaintiff's claim that she served Wilmington Trust is incorrect. Under Georgia law, service on a corporation must be perfected by servicing its registered agent, officer, or managing agent. See O.C.G.A. § 9-11-4(e)(1). Plaintiff's "service" by certified mail to a general address fails this requirement. Thus, Wilmington Trust was not required to join in the notice of removal.

For all these reasons, the Motion to Remand [4] is **DENIED**.

**SO ORDERED**, this 10th day of July, 2025.

*/s/ Walter E. Johnson*
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

---

² Even if all properly served defendants had not joined in the removal, the undersigned would not be compelled to remand. See Hernandez v. Seminole Cnty., 334 F.3d 1233, 1236 (11th Cir. 2003) (quotations omitted) ("a defect other than a lack of subject matter jurisdiction" does not necessarily require remand). A failure to comply with the unanimity requirement is only a procedural defect, not a jurisdictional defect. See Stone v. Bank of N.Y. Mellon, N.A., 609 F. App'x 979, 981-82 (11th Cir. 2015) (per curium) ("[T]he district court did not err by refusing to remand for a technical defect related to the unanimity rule.").