IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LYNETTE OLIVER,<br>Plaintiff, | )<br>)<br>) |
| v. | ) Case No. 1:25-cv-03286-SCJ-WEJ<br>) |
| NATIONSTAR MORTGAGE LLC<br>D/B/A MR COOPER, et al,<br>Defendants. | )<br>)<br>)<br>) |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

COMES NOW Plaintiff, Lynette Oliver, pro se, and files this Response in Opposition to Defendants' Motion to Dismiss (Doc. 11), respectfully showing the Court as follows:

**I. INTRODUCTION**

1. Plaintiff filed her **Amended Verified Petition to Quiet Title** on **June 23, 2025**, which:

    - Removes all federal statutory references
    - Seeks only **equitable relief under Georgia law**
    - Asks the Court to cancel **void or unenforceable assignments** and clear title

2. Defendants filed a **Motion to Dismiss** (Doc. 11) on **July 7, 2025**, arguing that:

1

- Tender is required before quiet title relief

- The "show me the note" theory is legally insufficient

- Plaintiff lacks standing to challenge the assignments

3. Plaintiff respectfully submits that:

- Tender is not required when the assignments themselves are **fraudulent, void, or unenforceable**

- This is not a "show me the note" case — it is a **Georgia quiet title action** under **O.C.G.A. § 23-3-40 et seq.**

- The Court should **defer ruling on dismissal** until after jurisdictional discovery under **Rule 45** is completed

- The Court should **preserve all rights** in the event of an appeal of the denial of remand

## II. PLAINTIFF'S CLAIMS ARISE SOLELY UNDER GEORGIA LAW

4. The Amended Verified Petition (Doc. 5) removes all federal statutory references, including:

- **12 U.S.C. § 2605(e)** (RESPA)

- **15 U.S.C. § 1691** (FCRA)

- **15 U.S.C. § 1635** (TILA)

5. It now seeks only **equitable relief** under **O.C.G.A. § 23-3-40**, which provides:

2

"A person in possession of real property may bring an action to remove a cloud or encumbrance upon the title thereto."

6. Georgia courts have held that:

> "Tender is not always required when the plaintiff challenges the validity of the security deed or assignments."
>
> ***Reeves v. U.S. Bank*, 331 Ga. App. 440, 443 (2015)**

"Equitable cancellation of a void instrument may be granted without tender."

***Montgomery v. Bank of America*, 321 Ga. App. 343, 346 (2013)**

7. Plaintiff does not seek to cancel the debt or enforce the Note — she seeks to remove **clouds on title** created by **invalid or unauthorized assignments**.

## III. PLAINTIFF SUBMITTED EVIDENCE OF SERVICE ON CITIBANK AND WILMINGTON TRUST

8. On **May 15, 2025**, Plaintiff served **Citibank, N.A.** via certified mail, confirmed by **USPS tracking** (Exhibit A).

9. On **May 27, 2025**, Plaintiff served **Wilmington Trust, N.A.** via certified mail, confirmed by **USPS pickup confirmation** (Exhibit B).

10. Both were served **before removal** occurred on **June 11, 2025**.

11. Neither Citibank nor Wilmington Trust joined in or signed the Notice of

Removal.

12. Therefore, removal may have been defective under **28 U.S.C. § 1446(b)(2)(A)**, which requires **unanimous consent** from all properly served defendants.

13. Courts have held:

> "Where it appears of record that a defendant was properly served prior to removal and did not consent to removal, the case must be remanded."
> ***Murphy Bros., Inc. v. Michel Universal Ship Repair, Inc.*, 17 F. Supp. 2d 1347, 1349 (S.D. Fla. 1998)**

"The removing party bears the burden of proving removal was proper."
***Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014)**

14. Yet the Court accepted Defendants' assertion that all properly served defendants consented — without requiring them to prove it.

## IV. PLAINTIFF DOES NOT SEEK DAMAGES — TENDER IS NOT REQUIRED

15. Georgia courts have long recognized that:

> "Tender is not required where the plaintiff seeks to cancel a facially invalid deed or assignment."
> ***Reeves v. U.S. Bank*, 331 Ga. App. 440, 443 (2015)**

"Tender is excused where the plaintiff seeks cancellation of a void

instrument."

*Montgomery v. Bank of America* , 321 Ga. App. 343, 346 (2013)

16. Plaintiff's Verified Amended Petition (Doc. 5) seeks only:

- Cancellation of invalid assignments
- Removal of clouded claims
- Quiet title under Georgia law
- No damages or monetary relief

17. Therefore, the motion to dismiss should be denied.

## V. DEFENDANTS' ARGUMENTS MISCHARACTERIZE PLAINTIFF'S CLAIM

18. Defendants mischaracterize this as a standard **"show me the note"** case — but Plaintiff is not asserting that theory.

19. She does not seek to enforce the Note or challenge the debt — only to cancel **void or unenforceable assignments** that cloud title.

20. Courts have held that:

> "A quiet title action may proceed even where the debt remains unpaid."

*Bryant v. GMAC Mortgage, LLC* , 307 Ga. App. 298, 303 (2011)

21. Also:

> "Tender is not required where the plaintiff asserts that the underlying

security deed is void or unenforceable."

*Montgomery*, 321 Ga. App. at 346

22. Defendants have not shown that the assignments are valid or that they have authority to enforce the deed.

## VI. PLAINTIFF IS ENTITLED TO LIMITED DISCOVERY BEFORE DISMISSAL

23. Because removal may have been improper and Defendants have not shown consent from all served parties, Plaintiff respectfully requests that the Court:

- Defer ruling on the motion to dismiss
- Allow limited discovery under **Rule 45** to confirm:
  - Who authorized removal
  - Whether MERS had authority to assign the deed
  - Whether Citibank or U.S. Bank is the true trustee

24. Courts have held:

"Where subject-matter jurisdiction is in dispute and the factual basis for removal is controlled by the removing party, courts may permit early discovery."

*Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 n.39 (11th Cir. 1997)

"A party may conduct jurisdictional discovery prior to a Rule 26(f) conference."

*Blumel v. Mylander*, 165 F.R.D. 518, 521 (M.D. Fla. 1996)

25. Accordingly, the Court should:

- Deny the motion to dismiss without prejudice
- Hold it in abeyance pending limited discovery
- Allow subpoenas under Rule 45 to proceed

## VII. PLAINTIFF PRESERVES HER RIGHT TO APPEAL

26. Plaintiff submits this Response in Opposition **without waiving her objection to federal jurisdiction** or **consent to adjudication of the merits in this forum**.

27. She has already filed:

- A **Motion to Remand** (Doc. 4)
- A **Motion for Reconsideration of Denial of Remand**
- A **Notice of Supplemental Authority** (Doc. 8)

28. Because removal may have been defective under **28 U.S.C. § 1446(b)(2)(A)**, and because the Amended Complaint contains no federal question, Plaintiff respectfully requests that the Court preserve her right to appeal.

## VIII. CONCLUSION AND PRAYER

29. For the foregoing reasons, Plaintiff respectfully requests that the Court:

- DENY Defendants' Motion to Dismiss (Doc. 11)
- Allow limited discovery under **Rule 45**
- Hold all rulings in abeyance pending resolution of the jurisdictional issues
- Preserve all rights for appeal if necessary

Respectfully submitted this 10th day of July, 2025.

**Lynette Oliver**
Pro Se Plaintiff
P.O. Box 1608
Jonesboro, GA 30237
loliver@mindspring.com