IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LYNETTE OLIVER,  )
Plaintiff,  )
 )
 )
v.  ) Case No. 1:25-cv-03286-SCJ-WEJ
 )
NATIONSTAR MORTGAGE LLC  )
D/B/A MR COOPER, et al,  )
Defendants.  )

---

# PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY

COMES NOW Plaintiff Lynette Oliver, pro se, and files this Response in Opposition to Defendants' **Motion to Stay Discovery** (Doc. 15), respectfully showing the Court as follows:

## I. INTRODUCTION

1. On **July 7, 2025**, Defendants filed a **Motion to Stay Discovery** (Doc. 15), requesting that all discovery be paused pending resolution of their **Motion to Dismiss** (Doc. 11).

2. However, Plaintiff seeks only **limited jurisdictional discovery under Federal Rule of Civil Procedure 45**, including subpoenas directed at:

   - Who authorized removal

1

- Whether Citibank or U.S. Bank is the real trustee
- Whether MERS had authority to assign the deed

3. These subpoenas are not part of general discovery — they are essential to confirm:

- Whether removal was procedurally defective
- Whether Defendants have standing
- Whether assignments were legally executed

4. Therefore, while the Court may choose to delay broader discovery under **Rule 26**, it should **not block limited subpoenas under Rule 45**, especially since removal may have been improper and federal jurisdiction remains questionable.

## II. PLAINTIFF IS SEEKING JURISDICTIONAL FACTS UNDER RULE 45

5. As set forth in her **Verified Motion to Remand (Doc. 4)** and **Notice of Supplemental Authority (Doc. 8)**:

- **Citibank, N.A.** was served via certified mail on **May 15, 2025**
- **Wilmington Trust, N.A.** was served via certified mail on **May 27, 2025**
- Neither joined in or signed the Notice of Removal
- No written consent from those defendants appears in the record

6. Yet the Court accepted Defendants' unsupported assertion that all properly served parties consented — without requiring them to prove it.

7. Courts have held:

> "Where subject-matter jurisdiction is in dispute and the factual basis for removal is controlled by the removing party, courts may permit early discovery."
>
> ***Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 n.39 (11th Cir. 1997)**

"A party may conduct jurisdictional discovery prior to a Rule 26(f) conference."

***Blumel v. Mylander*, 165 F.R.D. 518, 521 (M.D. Fla. 1996)**

8. Because removal may have been defective under **28 U.S.C. § 1446(b)(2)(A)**, and because the Amended Verified Petition contains no federal question, Plaintiff respectfully requests that the Court:

- Allow **limited discovery under Rule 45** to proceed
- Deny the Motion to Stay Discovery in its entirety
- Or hold it in abeyance until after ruling on her **Emergency Motion for Subpoenas Under Rule 45**

## III. PLAINTIFF NEEDS LIMITED DISCOVERY TO PROVE REMOVAL DEFECTS

9. In light of the Court's Order denying remand (Doc. 18), Plaintiff submits this opposition **without waiving objection to federal jurisdiction**.

10. She continues to challenge the validity of removal based on lack of unanimous consent from all properly served defendants.

11. Specifically:

- **Citibank, N.A.**: Served May 15, 2025 (USPS tracking confirmation – Exhibit A)
- **Wilmington Trust, N.A.**: Served May 27, 2025 (USPS pickup confirmation – Exhibit B)

12. Neither entity joined in or signed the Notice of Removal.

13. Yet the Court accepted Defendants' claim that "all properly served defendants consented" — without proof.

14. Allowing limited subpoenas under **Rule 45** will help establish:

- Who actually authorized removal
- Whether the trust structure supports enforcement of the deed
- Whether MERS had continuing authority to assign instruments

## IV. PLAINTIFF IS PREJUDICED BY LACK OF CM/ECF ACCESS

15. As a pro se litigant without electronic filing access, Plaintiff:

- Relies on postal mail for all submissions
- Cannot monitor docket activity in real time
- Has already suffered consequences due to delivery delays

16. Meanwhile, Defendants:

- Received prompt rulings on multiple filings
- Were granted two retroactive extensions after missing deadlines
- Filed five motions simultaneously only after Plaintiff acted

17. This procedural imbalance further supports allowing jurisdictional discovery to proceed, even if other discovery is delayed.

## V. ARGUMENT

18. The Court should **deny or modify** the discovery stay because:

- It applies broadly to Rule 26 discovery, not Rule 45 subpoenas
- Jurisdictional facts remain contested
- Plaintiff needs evidence to support appeal of remand denial
- Fair litigation requires access to basic facts about ownership and removal authorization

5

19. Courts routinely allow such discovery when removal is challenged:

> "Parties may seek limited discovery to resolve jurisdictional disputes before Rule 26 conferences."
>
> ***Blumel v. Mylander***, 165 F.R.D. 518 (M.D. Fla. 1996)

"Discovery related to removal and standing may proceed independently of general discovery."

***Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1997)**

20. Therefore, the Court should not block access to these facts — especially when the removal itself may be improper.

## VI. CONCLUSION AND PRAYER

21. For the foregoing reasons, Plaintiff respectfully requests that the Court:

- DENY or MODIFY Defendants' Motion to Stay Discovery (Doc. 15)
- Allow limited jurisdictional discovery under **Federal Rule of Civil Procedure 45**
- Permit subpoenas targeting:
    - Removal authorization
    - Trust ownership
    - MERS involvement
    - Assignment validity
- And grant such other relief as may be just and proper

Respectfully submitted this 10th day of July, 2025.

**/s/ Lynette Oliver**
Lynette Oliver
Pro Se Plaintiff
P.O. Box 1608
Jonesboro, GA 30237

loliver@mindspring.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LYNETTE OLIVER,<br>Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC<br>D/B/A MR COOPER, et al,<br>Defendants. | )<br>)<br>)<br>)<br>) Case No. 1:25-cv-03286-SCJ-WEJ<br>)<br>)<br>)<br>) |

---

**ORDER DENYING DEFENDANTS' MOTION TO STAY DISCOVERY**

Having considered Defendants' Motion to Stay Pretrial Deadlines and Discovery (Doc. 15) and Plaintiff's Response in Opposition thereto, and for good cause shown, the Court finds that a stay is not warranted at this time.

It is hereby ORDERED that:

1. Defendants' Motion to Stay (Doc. 15) is **DENIED**.

2. Discovery and pretrial deadlines shall proceed in accordance with the Federal Rules of Civil Procedure and any scheduling orders previously entered or to be entered by this Court.

SO ORDERED, this ___ day of _____, 2025.


UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY and ORDER were served upon counsel of record by United States Certified Mail on this 10th day of July, 2025.

**Danny Patterson, Jr., Esq.**
McGuireWoods LLP
1075 Peachtree Street NE, 35th Floor
Atlanta, GA 30309

dpatterson@mcguirewoods.com

Executed this 10th day of July, 2025.

**/s/ Lynette Oliver**
Lynette Oliver
Pro Se Plaintiff
P.O. Box 1608
Jonesboro, GA 30237

loliver@mindspring.com