IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LYNETTE OLIVER,
Plaintiff,

v.

Case No. 1:25-cv-03286-SCJ-WEJ

NATIONSTAR MORTGAGE LLC
D/B/A MR COOPER, et al,
Defendants.

---

## PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING REMAND

COMES NOW Plaintiff, Lynette Oliver, pro se, and respectfully moves this Court to reconsider its Order denying her Motion to Remand (Doc. 18), dated July 10, 2025, and states as follows:

## I. INTRODUCTION

1. On June 23, 2025, Plaintiff timely filed a **Verified Motion to Remand** (Doc. 4), supported by:

   - A sworn Declaration confirming service dates

   - USPS tracking records (Exhibit A – Citibank; Exhibit B – Wilmington Trust)

   - An Amended Verified Petition to Quiet Title (Doc. 5), which removed all federal references and limited relief to Georgia equitable remedies

1

2. The Court issued an Order on July 10, 2025 (Doc. 18), denying the motion to remand based on Defendants' assertion that "all properly served defendants consented to removal."

3. However, **Defendants did not submit any written proof of consent from Citibank or Wilmington Trust**, nor did they demonstrate that those entities joined in the Notice of Removal.

4. This ruling misapplies the law and ignores the statutory requirement that **all properly served defendants must consent to removal** under 28 U.S.C. § **1446(b)(2)(A)**.

5. Plaintiff respectfully submits that the Court should **reconsider its ruling**, issue a new order granting remand, and return this matter to the **Superior Court of Clayton County, Georgia**, where it belongs.

## II. DEFENDANTS HAD THE BURDEN TO PROVE CONSENT TO REMOVAL

6. Under **28 U.S.C. § 1446(b)(2)(A)**:

    "All defendants who have been properly joined and served must join in or consent to the removal of the action."

7. At the time of removal on **June 11, 2025**, two named defendants — **Citibank, N.A. and Wilmington Trust, N.A.** — had already been served:

- **Citibank, N.A.**: May 15, 2025 (USPS tracking confirmation)
- **Wilmington Trust, N.A.**: May 27, 2025 (USPS tracking confirmation)

8. Neither defendant joined in or signed the Notice of Removal.

9. No written consent from either entity appears in the record.

10. Yet the Court concluded:

    "Plaintiff's argument that she served Wilmington Trust is incorrect."

    "The unanimity rule stated in 28 U.S.C. § 1446(b)(2)(A) is satisfied here because all properly served defendants consented to removal."

11. This conclusion is legally flawed and unsupported by the record.

## III. DEFENDANTS DID NOT SUBMIT EVIDENCE OF CONSENT

12. Courts have repeatedly held:

    "The removing party bears the burden of proving that removal was proper."

    ***Dart Cherokee Basin Operating Co., LLC v. Owens***, 574 U.S. 81 (2014)

13. In *Murphy Bros., Inc. v. Michel Universal Ship Repair, Inc.*, 17 F. Supp. 2d 1347, 1349 (S.D. Fla. 1998), the court held:

3

"Where it appears of record that a defendant was properly served prior to removal and did not consent to removal, the case must be remanded."

14. Here:

- Both Citibank and Wilmington Trust were properly served before removal
- Neither joined in or provided written consent
- No evidence was submitted by Defendants to prove consent
- The Court accepted their word without requiring documentation

15. This violates the statutory requirement for **unanimous consent** and undermines the integrity of the removal process.

## IV. PLAINTIFF IS PREJUDICED BY LACK OF CM/ECF ACCESS

16. As a pro se litigant without electronic filing access, Plaintiff:

- Must rely on postal mail for all submissions
- Cannot monitor docket activity in real time
- Cannot respond immediately to filings made by represented counsel

17. Meanwhile, Defendants:

- Received prompt rulings on multiple motions
- Were granted extensions retroactively after missing deadlines
- Filed five coordinated motions simultaneously only after Plaintiff acted

18. This procedural imbalance further supports reconsideration of the remand denial and reinforces that:

- Federal jurisdiction does not exist
- Removal was improperly executed
- Fair litigation cannot proceed under current conditions

## V. ARGUMENT

19. The Court's Order denying remand fails to address the core legal issue raised in Doc. 4 — whether removal was procedurally defective under **§ 1446(b)(2)(A)**.

20. Instead, the Court relied on an unsupported claim by defense counsel and ignored:

- The **service confirmations** submitted by Plaintiff
- The **absence of any written consent** from Citibank or Wilmington Trust
- The **Eleventh Circuit's holding** that removal defects must be resolved in favor of remand when proven

21. Because the Court accepted Defendants' assertions without requiring them to meet their burden of proof, Plaintiff was unfairly prejudiced.

22. She respectfully requests that the Court:

- Reconsider its Order denying remand;

- Require Defendants to provide **written proof of consent** from all properly served parties;

- Issue a new ruling if no such proof exists;

- Remand this action to state court as required by statute

## VI. CONCLUSION AND PRAYER FOR RELIEF

23. For the foregoing reasons, Plaintiff respectfully requests that the Court:

- Reconsider its Order denying remand (Doc. 18);

- Grant the original Motion to Remand (Doc. 4);

- Return this matter to the **Superior Court of Clayton County, Georgia** ;

- And grant such other relief as may be just and proper.

Respectfully submitted this 10th day of July, 2025.

**/s/ Lynette Oliver**
Lynette Oliver
Pro Se Plaintiff
P.O. Box 1608
Jonesboro, GA 30237
loliver@mindspring.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **LYNETTE OLIVER,**<br>Plaintiff,<br><br>v.<br><br>**NATIONSTAR MORTGAGE LLC**<br>**D/B/A MR COOPER, et al,**<br>**Defendants.** | )<br>)<br>)<br>) Case No. 1:25-cv-03286-SCJ-WEJ<br>)<br>)<br>)<br>)<br>) |

## ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION OF REMAND DENIAL

Before the Court is Plaintiff Lynette Oliver's Motion for Reconsideration of the Order denying her Motion to Remand (Doc. 18), filed on July 10, 2025.

Upon review of the motion and supporting documents, and for good cause shown, it appears:

1. At the time of removal on June 11, 2025, two named defendants — **Citibank, N.A.** and **Wilmington Trust, N.A.** — had already been served.

2. Service was confirmed via **USPS tracking records** submitted by Plaintiff (Exhibit A – Citibank; Exhibit B – Wilmington Trust).

3. Neither defendant joined in or provided written consent to removal.

4. Under **28 U.S.C. § 1446(b)(2)(A)**, all properly served defendants must join in or consent to removal.

7

5. The burden of proving proper removal lies with the removing party. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014)

6. Defendants did not provide any documentation showing that Citibank or Wilmington Trust authorized removal.

7. Plaintiff seeks only equitable relief under **O.C.G.A. § 23-3-40 et seq.**

8. Her **Amended Verified Petition (Doc. 5)** removes all federal statutes and claims and contains no damages exceeding $75,000.

9. Therefore, **federal jurisdiction does not exist** after amendment, and **removal was defective** under federal law.

Accordingly, it is hereby:

**ORDERED AND ADJUDGED:**

1. Plaintiff's **Motion for Reconsideration of the Denial of Remand** is **GRANTED.** The Court shall **revisit its prior ruling** on the Motion to Remand (Doc. 4) and issue a new order evaluating whether removal was properly executed.

2. If Defendants **cannot show written consent** from Citibank, N.A. and Wilmington Trust, N.A. to removal, then this case shall be **remanded** to the **Superior Court of Clayton County, Georgia**.

3. The Clerk is directed to **serve a copy of this Order** upon all counsel of record.

**SO ORDERED.**

United States District Judge
Northern District of Georgia

Entered: _____, 2025

# Exhibit A – Citibank, N.A.

- USPS tracking number 9589 0710 5270 1588 4265 48
- Screenshot or PDF of tracking showing:

    Delivered front desk/reception/mail room
    New York, NY 10013
    May 15, 2025, 2:30 PM

# USPS Tracking®

FAQs

Remove

**Tracking Number:**

## 9589071052701588426548

Copy   Add to Informed Delivery (https://informeddelivery.usps.com/)

### Latest Update

Your item was delivered to the front desk, reception area, or mail room at 2:30 pm on May 15, 2025 in NEW YORK, NY 10013.

### Get More Out of USPS Tracking:

USPS Tracking Plus®

### Delivered
**Delivered, Front Desk/Reception/Mail Room**
NEW YORK, NY 10013
May 15, 2025, 2:30 pm

### Redelivery Scheduled for Next Business Day
NEW YORK, NY 10013
May 15, 2025, 10:09 am

### Out for Delivery
NEW YORK, NY 10013
May 15, 2025, 7:24 am

### Arrived at Post Office
NEW YORK, NY 10013
May 15, 2025, 7:13 am

### Arrived at USPS Regional Destination Facility
NEW YORK NY DISTRIBUTION CENTER
May 15, 2025, 2:52 am

Next Facility



# Exhibit B – Wilmington Trust, N.A.

- USPS tracking number 9589 0710 5270 1588 4265 79

- Screenshot or PDF of tracking showing:

    Delivered individual picked up at postal facility
    Wilmington, DE 19801
    May 27, 2025, 3:57 PM

# U.S. Postal Service
## CERTIFIED MAIL RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®

Wilmington, DE 19890

| | |
|---|---|
| Certified Mail Fee | $4.85 |
| Extra Services & Fees (check box, add fee as appropriate) | |
| ☑ Return Receipt (hardcopy) | $ $4.10 |
| ☐ Return Receipt (electronic) | $ $0.00 |
| ☐ Certified Mail Restricted Delivery | $ $0.00 |
| ☐ Adult Signature Required | $ $0.00 |
| ☐ Adult Signature Restricted Delivery | $ |
| Postage | $14.85 |
| Total Postage and Fees | $23.80 |

0381 6
Postmark Here
05/12/2025

Sent To: WILMINGTON TRUST N.A.
Street and Apt. No., or PO Box No.: 919 MARKET ST. STE 1600
City, State, ZIP+4: WILMINGTON, DE 19890

9589 0710 5270 1588 4265 74

PS Form 3800, January 2023

---

USPS.com® - USPS Tracking® Results

FAQs >

Remove ✕

## Latest Update

Your item was picked up at a postal facility at 3:57 pm on May 27, 2025 in WILMINGTON, DE 19801.

### Get More Out of USPS Tracking:
USPS Tracking Plus®

### Delivered
**Delivered, Individual Picked Up at Postal Facility**
WILMINGTON, DE 19801
May 27, 2025, 3:57 pm

### Reminder to Schedule Redelivery of your item
May 21, 2025

### Available for Pickup
RODNEY SQ
500 DELAWARE AVE STE 1
WILMINGTON DE 19801-9998
M-F 0700-1730; SAT 0900-1500
May 16, 2025, 10:54 am

### Arrived at Post Office
WILMINGTON, DE 19801
May 16, 2025, 10:13 am

### In Transit to Next Facility
May 15, 2025

### Arrived at USPS Regional Destination Facility

# USPS Tracking®

**Tracking Number:**

## 9589071052701588426579

Copy    Add to Informed Delivery (https://informeddelivery.usps.com/)

### Latest Update

Your item was picked up at a postal facility at 3:57 pm on May 27, 2025 in WILMINGTON, DE 19801.

### Get More Out of USPS Tracking:

USPS Tracking Plus®

### Delivered
**Delivered, Individual Picked Up at Postal Facility**
WILMINGTON, DE 19801
May 27, 2025, 3:57 pm

### Reminder to Schedule Redelivery of your item
May 21, 2025

### Available for Pickup
RODNEY SQ
500 DELAWARE AVE STE 1
WILMINGTON DE 19801-9998
M-F 0700-1730; SAT 0900-1500
May 16, 2025, 10:54 am

### Arrived at Post Office
WILMINGTON, DE 19801
May 16, 2025, 10:13 am

### In Transit to Next Facility
May 15, 2025

## CERTIFICATE OF SERVICE
## Pursuant to Federal Rule of Civil Procedure 5(d)(2)(A)

I, Lynette Oliver, pro se, hereby certify that on this 10th day of July, 2025, I caused true and correct copies of the following documents to be served via U.S. Certified Mail, postage prepaid, upon counsel of record:

1. **Plaintiff's Motion for Reconsideration of Order Denying Remand**
2. **Order Granting Plaintiff's Motion for Reconsideration of Remand Denial**
3. **Exhibit A – USPS Tracking Confirmation for Citibank, N.A. (May 15, 2025 delivery)**
4. **Exhibit B – USPS Tracking Confirmation for Wilmington Trust, N.A. (May 27, 2025 pickup)**

Service was made to:

**Danny Patterson, Jr., Esq.**
McGuireWoods LLP
1075 Peachtree Street NE, 35th Floor
Atlanta, GA 30309
dpatterson@mcguirewoods.com

These exhibits confirm that both Citibank, N.A. and Wilmington Trust, N.A. were properly served before removal occurred and did not join in or consent to the Notice of Removal.

I affirm under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 10th day of July, 2025.

**/s/ Lynette Oliver**
Lynette Oliver
Pro Se Plaintiff
P.O. Box 1608
Jonesboro, GA 30237
loliver@mindspring.com

# MOTION FOR RECONSIDERATION

## TO CLERK:

(1). PLEASE FILE + DOCKET THESE INTO CASE. THIS IS <u>AN URGENT MATTER</u>

(2) PACKET CONTAINS:
A. PLAINTIFF MOTION FOR RECONSIDERATION OF ORDER DENYING REMAND
B. ORDER GRANTING MOTION
C) CERTIFICATE OF SERVICE

PACKET 2                                    PACKET 7

CASE: 1:25-CV-03286

THANK YOU!