# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| LYNETTE OLIVER,<br>Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC<br>D/B/A MR COOPER, et al,<br>Defendants. | )<br>)<br>)<br>) Case No. 1:25-cv-03286-SCJ-WEJ<br>)<br>)<br>)<br>) |

**FILED IN CLERK'S OFFICE U.S.D.C. Atlanta JUL 10 2025 KEVIN P. WEIMER, Clerk By: Deputy Clerk**

## PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' MOTION TO STAY DISCOVERY

COMES NOW Plaintiff Lynette Oliver, pro se, and respectfully moves this Court to strike or deny Defendants' Motion to Stay Discovery (Doc. 15), filed July 7, 2025, showing the Court as follows:

## I. INTRODUCTION

1. On **July 7, 2025**, Defendants filed a **Motion to Stay Discovery** (Doc. 15), requesting that all discovery be paused pending resolution of their **Motion to Dismiss (Doc. 11)**.

2. However, Plaintiff seeks only **limited jurisdictional discovery under Federal Rule of Civil Procedure 45**, including subpoenas directed at:

- Who authorized removal
- Whether Citibank or U.S. Bank is the real trustee
- Whether MERS had authority to assign the deed
- Whether the trust structure remains valid

3. This information is essential to confirm:

- Whether removal was defective
- Whether Defendants have standing
- Whether assignments were legally executed

4. Therefore, even if general discovery is stayed under **Rule 26**, the Court should permit **Rule 45 subpoenas** to proceed immediately.

## II. DEFENDANTS' MOTION ASSUMES JURISDICTION THAT MAY BE IMPROPER

5. As set forth in Plaintiff's **Motion to Remand (Doc. 4)** and **Motion for Reconsideration of Denial of Remand**, removal may have been defective under 28 U.S.C. § 1446(b)(2)(A) because:

- **Citibank, N.A.** was served on **May 15, 2025**
- **Wilmington Trust, N.A.** was served on **May 27, 2025**
- Neither joined in or consented to the Notice of Removal
- No written consent from either entity appears in the record

6. Courts have held:

> "Where subject-matter jurisdiction is in dispute and the factual basis for removal is controlled by the removing party, courts may permit early discovery."
>
> ***Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 n.39 (11th Cir. 1997)**

"A party may conduct jurisdictional discovery prior to a Rule 26(f) conference."

***Blumel v. Mylander*, 165 F.R.D. 518, 521 (M.D. Fla. 1996)**

7. Because the Court has not yet ruled on your request for reconsideration of the remand denial, allowing limited discovery under **Rule 45** is appropriate.

## III. PLAINTIFF'S REQUEST FOR SUBPOENAS IS NOT GENERAL DISCOVERY

8. Defendants seek a broad stay of all discovery — but Plaintiff's subpoena requests are **narrowly tailored** and directly relevant to jurisdictional and ownership issues.

9. Specifically, she seeks:

- Confirmation of who authorized removal
- Verification of trust structure and current trustee
- Evidence that MERS had legal authority to assign the deed

13

- Documentation supporting recorded assignments

10. These are **jurisdictional facts**, not merits-based discovery.

11. Courts routinely allow such discovery even when broader discovery is stayed:

    "Discovery related to jurisdictional issues may proceed separately from Rule 26 deadlines."

    ***See Chudasama* and *Blumel* above**

# IV. PLAINTIFF NEEDS THIS INFORMATION BEFORE LITIGATION CAN FAIRLY PROCEED

12. Without knowing who actually authorized removal or whether the trust holds enforceable title, Plaintiff cannot meaningfully defend against dismissal.

13. Allowing her to serve limited subpoenas under Rule 45 ensures:

- Fair litigation
- Judicial efficiency
- A complete record before any ruling on dismissal

14. By contrast, granting a blanket stay of discovery:

- Blocks access to key facts
- Delays resolution of removal defects
- Prevents Plaintiff from proving lack of standing or improper removal

14

## V. ARGUMENT

15. Plaintiff respectfully submits that:

- General discovery under **Rule 26** can be delayed

- But **Rule 45 subpoenas** must proceed

- These subpoenas target who removed the case and whether they had authority to do so

- They also help establish whether the trust currently owns the loan

- They are necessary to support any appeal of the remand denial

16. Accordingly, the Court should:

- **Strike or deny** the Motion to Stay Discovery

- Allow **limited jurisdictional discovery under Rule 45**

- Hold all other discovery obligations in abeyance until after ruling on remand reconsideration

## VI. CONCLUSION AND PRAYER

17. For the foregoing reasons, Plaintiff respectfully requests that the Court:

- **Strike or deny** Defendants' Motion to Stay Discovery (Doc. 15)

- Permit issuance of **limited subpoenas under Rule 45**

- Allow discovery to proceed regarding:

    - Removal authorization

- Trust ownership

- MERS involvement

- And grant such further relief as may be just and proper

Respectfully submitted this 10th day of July, 2025.

**/s/ Lynette Oliver**
Lynette Oliver
Pro Se Plaintiff
P.O. Box 1608
Jonesboro, GA 30237
loliver@mindspring.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **LYNETTE OLIVER,**<br>Plaintiff,<br><br>v.<br><br>**NATIONSTAR MORTGAGE LLC**<br>**D/B/A MR COOPER, et al,**<br>**Defendants.** | )<br>)<br>)<br>)<br>) Case No. 1:25-cv-03286-SCJ-WEJ<br>)<br>)<br>)<br>)<br>) |

---

### ORDER DENYING DEFENDANTS' MOTION TO STAY DISCOVERY

Upon consideration of Defendants' Motion to Stay Discovery (Doc. 15), and Plaintiff Lynette Oliver's Motion to Strike That Motion,

IT IS HEREBY ORDERED:

1. **Defendants' Motion to Stay Discovery (Doc. 15) is DENIED** .

2. Plaintiff shall be permitted to serve **limited subpoenas under Federal Rule of Civil Procedure 45** , including:

    - Subpoenas directed at entities controlling removal records
    - Subpoenas targeting trust ownership and assignment validity

3. These subpoenas will allow Plaintiff to confirm:

    - Who authorized the Notice of Removal
    - Whether Citibank or U.S. Bank is the real trustee

- Whether MERS had authority to assign the deed

- Whether the trust still holds legal interest in the loan

4. All other discovery under **Federal Rule of Civil Procedure 26** remains subject to further order of the Court pending resolution of threshold jurisdictional issues.

5. The Clerk is directed to serve a copy of this Order upon all counsel of record.

SO ORDERED this ___ day of _____, 2025.


United States District Judge

Northern District of Georgia

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS, PROPOSED ORDER DENYING DEFENDANTS' MOTION TO DISMISS, PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' MOTION TO STAY DISCOVER, and all attached documents was served via U.S. Certified Mail on:

**Danny Patterson, Jr., Esq.**
McGuireWoods LLP
1075 Peachtree Street NE, 35th Floor
Atlanta, GA 30309
dpatterson@mcguirewoods.com

Executed this 10th day of July, 2025.

**/s/ Lynette Oliver**
Lynette Oliver
Pro Se Plaintiff
P.O. Box 1608
Jonesboro, GA 30237
loliver@mindspring.com

2 Copies - Plaintiff Response in opposition To Defendants motion to Dismiss

2 Motion St~~Response to Rebuttal Motion to 26 STR~~

Certificate

---

TO CLERK: CASE: 1:25-CV-03286
PLEASE FILE & DOCKET ASAP. THIS IN AN U<u>RGEN</u>T REQUEST.

PACKET CONTAINS:
A. OPPOSITION TO DEFENDANTS MOTION TO DISMISS
B) OPPOSITION TO DEFENDANT'S MOTION TO STAY DISCOVERY
C) MOTION TO STRIKE DEFENDANTS MOTION TO STAY DISCOVERY + JUDGES ORDER + CERT

PACKET 2