FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUL 10 2025

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LYNETTE OLIVER,<br>Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC<br>D/B/A MR COOPER, et al,<br>Defendants. | )<br>)<br>)<br>) Case No. 1:25-cv-03286-SCJ-WEJ<br>)<br>)<br>)<br>) |

**EMERGENCY MOTION FOR LEAVE TO ISSUE LIMITED SUBPOENAS PURSUANT TO RULE 45**

COMES NOW Plaintiff Lynette Oliver, appearing pro se, and respectfully submits this Emergency Motion for Leave to Issue Limited Subpoenas Pursuant to Federal Rule of Civil Procedure 45, and states as follows:

**I. INTRODUCTION**

1. This case was removed from the Superior Court of Clayton County, Georgia (Case No. 2025CV01791-11) to this Court on June 11, 2025, by Defendants Nationstar Mortgage LLC d/b/a Mr. Cooper and Citibank, N.A., Trustee.

2. Plaintiff has filed a **Motion to Remand** (Doc. 4), asserting that removal was procedurally defective under **28 U.S.C. § 1446(b)(2)(A)** because at least two properly served defendants — **Citibank, N.A.** and **Wilmington Trust, N.A.** — did not join or consent to removal.

1

3. To support her remand motion and prove removal defects, Plaintiff seeks limited subpoenas under **Federal Rule of Civil Procedure 45** to obtain evidence regarding:

- Who authorized removal
- Whether all properly served defendants consented to removal
- The identity of the real party in interest
- The chain of title and trust acquisition documents
- Custodianship of the original promissory note

4. These facts are necessary to confirm whether federal jurisdiction exists and whether removal was valid under federal law.

## II. FACTUAL BACKGROUND

5. On May 8, 2025, Plaintiff filed a Verified Petition to Quiet Title in the Superior Court of Clayton County, Georgia.

6. On June 11, 2025, Defendants removed the case to this Court, citing federal question jurisdiction.

7. On June 23, 2025, Plaintiff filed a **Motion to Remand**, supported by:

- A sworn Declaration showing service dates on multiple defendants
- USPS tracking confirming delivery of summons and complaint to:

- **Citibank, N.A.** on **May 15, 2025**
- **Wilmington Trust, N.A.** on **May 27, 2025**
- Exhibits A & B – screenshots of USPS tracking records

8. Neither Citibank nor Wilmington Trust joined in the Notice of Removal or provided written consent.

9. As required under **28 U.S.C. § 1446(b)(2)(A)**, all properly served defendants must consent to removal.

10. Because removal was allegedly executed without unanimous consent, federal jurisdiction is questionable.

### III. RELIEF SOUGHT

11. In light of the contested removal and pending Motion to Remand, Plaintiff requests leave from the Court to issue **limited subpoenas under Rule 45**, directed to:

- **Nationstar Mortgage LLC d/b/a Mr. Cooper**
- **Citibank, N.A.**
- **Wilmington Trust, N.A.**
- **MERS**
- Any other trustee or custodian entities identified during discovery

12. The subpoenas will be narrowly tailored to request only documents and

3

testimony relevant to:

- Identity of real party in interest
- Verification of who authorized removal
- Chain of title and trust acquisition documents
- Custodianship of the original promissory note
- Confirmation of trustee status and joinder

13. These subpoenas do **not seek broad or merits-based discovery**. They are specifically aimed at proving whether this Court has jurisdiction over the case.

## IV. ARGUMENT

## A. LIMITED DISCOVERY IS APPROPRIATE BEFORE RESOLVING REMAND ISSUES

14. Courts routinely permit limited discovery prior to ruling on motions to dismiss or remand when removal is challenged and key jurisdictional facts are controlled by the removing party.

*Blumel v. Mylander*, 165 F.R.D. 518 (M.D. Fla. 1996) – "A party may conduct jurisdictional discovery prior to a Rule 26(f) conference."

*Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 n.39 (11th Cir. 1997) – Courts may permit early discovery where subject-matter jurisdiction

4

is in dispute and factual development is needed.

15. Because these facts are exclusively within the control of the Defendants, Plaintiff cannot fairly litigate the remand motion without them.

## B. PLAINTIFF IS PREJUDICED BY LACK OF ACCESS TO EVIDENCE

16. Plaintiff proceeds pro se and lacks CM/ECF access, making it difficult to monitor docket activity and respond in a timely manner.

17. While she filed for default after Defendants missed their deadline, they were granted yet another extension, further delaying resolution.

18. She respectfully submits that expedited consideration of this motion is warranted to preserve equitable access to judicial process and prevent further procedural imbalance.

## V. URGENCY OF RELIEF REQUESTED

19. Plaintiff respectfully submits that the Court should treat this motion as an emergency submission under its discretion to regulate discovery and ensure fair adjudication.

20. As of the date of this filing, Plaintiff remains unable to electronically file motions or respond to docket activity in real time, while Defendants continue to gain procedural advantages through **CM/ECF access and coordinated delay**

**tactics**.

21. Without immediate access to the requested information, Plaintiff cannot fully substantiate her claim that removal was improper and federal jurisdiction does not exist.

## VI. CONCLUSION AND PRAYER FOR RELIEF

22. For the foregoing reasons, Plaintiff respectfully requests that the Court:

- GRANT leave for issuance of **limited subpoenas under Rule 45**
- Allow subpoenas to be served on:
  - Nationstar Mortgage LLC d/b/a Mr. Cooper
  - Citibank, N.A.
  - Wilmington Trust, N.A.
  - MERS
  - Any other identified parties with potential interest in the property

    Permit Plaintiff to use such discovery in support of her **Motion to Remand**
- Grant such other relief as the Court deems just and proper

Respectfully submitted this ___ day of July, 2025.

/s/ **Lynette Oliver**
Lynette Oliver
Pro Se Plaintiff
P.O. Box 1608
Jonesboro, GA 30237
loliver@mindspring.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LYNETTE OLIVER,<br>Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC<br>D/B/A MR COOPER, et al,<br>Defendants. | )<br>)<br>)<br>)<br>) Case No. 1:25-cv-03286-SCJ-WEJ<br>)<br>)<br>)<br>)<br>) |

## ORDER GRANTING EMERGENCY MOTION FOR LEAVE TO ISSUE LIMITED SUBPOENAS PURSUANT TO RULE 45

Plaintiff having filed an Emergency Motion for Leave to Issue Limited Subpoenas under Rule 45 of the Federal Rules of Civil Procedure, and for good cause shown, the Court hereby finds that limited jurisdictional discovery is appropriate to clarify custodial and trustee roles, servicing authority, and the legal basis for Defendants' representations regarding real party in interest status.

Accordingly, it is hereby ORDERED that:

1. Plaintiff is granted leave to issue narrowly tailored subpoenas pursuant to Rule 45 to the following third-party entities:

    a. Nationstar Mortgage LLC

    b. Citibank, National Association

    c. Wilmington Trust, National Association

d. Mortgage Electronic Registration Systems, Inc. (MERS)

e. Any trustee or custodian entity identified in MERS registry records or cited by Defendants.

2. Each subpoena shall be limited in scope to:

    a. Custodial status and chain-of-custody for the promissory note or collateral file;

    b. Trustee designation and authorization status relating to any referenced trust;

    c. Any joinder, consent, or directive related to this litigation, including notice of removal;

    d. Assignments, endorsements, or trust acquisition documentation identifying legal authority to enforce or defend title claims related to the subject property.

3. Plaintiff shall serve all subpoenas in compliance with Rule 45 and applicable local rules.

4. No discovery shall extend to the merits or defenses of the case unless separately authorized by the Court.

SO ORDERED this ___ day of _____, 2025.

UNITED STATES DISTRICT JUDGE

7

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing EMERGENCY MOTION FOR LEAVE TO ISSUE LIMITED SUBPOENAS PURSUANT TO RULE 45 and ORDER GRANTING was served upon counsel of record by United States Mail on this 10th day of July, 2025.

**Danny Patterson, Esq.**
McGuireWoods LLP
1075 Peachtree Street NE, 35th Floor
Atlanta, GA 30309
dpatterson@mcguirewoods.com

**/s/ Lynette Oliver**
Lynette Oliver
Pro Se Plaintiff
P.O. Box 1608
Jonesboro, GA 30237
loliver@mindspring.com

EMERG. LEAVE FOR
SUBP

CASE: 1:25-CV-03286

TO CLERK: PLEASE FILE + DOCKET THESE DOCS ASAP - URGENT MATTER

PACKET CONTAINS:

A) EMERGENCY MOTION FOR LEAVE TO ISSUE LIMITED SUBPOENAS + ORDER + CERT OF SERVICE

~~PACKET 2~~

THANK YOU! PACKET 3